IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JERMARAE HERBERT, | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00081-MTT-MSH |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY WARD, *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

### ORDER

*Pro se* Plaintiff Jermarae Herbert, a prisoner confined in Macon State Prison in Oglethorpe, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. ECF No. 2.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff did not submit a certified copy of his account statement showing his transactions for the previous six months, as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a prison official

and a copy of his prison trust fund account statement for the preceding six months so that the Court may properly evaluate his motion for leave to appeal *in forma pauperis*.

Plaintiff asserts he has had difficulty when requesting a copy of his account statement. *See* ECF No. 1-1. Thus, he is instructed to show the appropriate prison official this Order when he requests a certified copy of his trust fund account statement. If the prison official refuses to provide the requested information, Plaintiff should notify the Court of (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official that he will not be provided a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).

As an initial matter, Plaintiff's complaint is difficult to decipher due to its vague, rambling, and disjointed narrative style. As best as the Court can tell, Plaintiff's complaint arises from events within the first month of Plaintiff's transfer to Macon State Prison. ECF No. 1 at 4. Plaintiff states that "on November 9, 2021 during

classification defendant complained to the members Chief Counselor Jefferies and two other unknown counselors, Plaintiff addressed a few concerns from his pervious (sic) surgery and hand in a half cast and sling which was 'visual' during classification and at all time" and "Plaintiff stressed that he was not safe". *Id*. at 5.  Plaintiff then asserts that his "concerns were ignored and Plaintiff was stuck in the unsafe environment for weeks as he complained daily as well as family". *Id*.  He also states that "he made the above staff of Macon State Prison about his safety by family contacting the wardens several times to defendant requesting to go to protective custody due to his safety and medical conditions. *Id*.  Plaintiff complains he was later assaulted on December 1 in the D1 dormitory by five other inmates and was taken to Cordele Medical ER for treatment. *Id*. at 5-6.  Plaintiff states he was sent to Warden Sales office the day after the assault to call his sister. *Id*. at 7.  He alleges that Warden Sales wanted "Plaintiff to tell his sister that the assault wasn't life threaten" and that Sales became upset when the Plaintiff told his sister the truth. *Id*.  Plaintiff claims that "if Macon State Wardens would of took Plaintiff concern as a 'serious matter' Plaintiff would have not been assaulted and placed in a life threaten enviorment (sic) or situation". *Id*. at 6.

Plaintiff also complains about his medical treatment.  These allegations are difficult to decipher, but it appears Plaintiff is complaining about the timing and type of medications he has received at Macon State Prison.  *See id*. at 8.  Furthermore, he generally asserts that "medical denied and ignored Plaintiff serious medical needs and allowed Plaintiff to suffer in a cell with multiple stabb (sic) wounds along with a

3

concusion (sic)".  *Id*. at 9.

It is unclear why Plaintiff has named any of the Defendants as Defendants in this action.  *See id*. at 4-9.  Although the Plaintiff appears to generally assert that upon his arrival at Macon State Prison, he and his family contacted wardens to say he felt unsafe, he fails to mention if any of those conversations were particularized to any of the named Defendant Wardens.  Plaintiff further fails to specify what about being transferred to Macon State Prison made him feel unsafe other than his being told that Macon State Prison is known as "Murder State Prison" where inmates are killed.  *See id.* at 9.  Plaintiff is equally vague in his claims regarding his medical care.  He repeatedly states that he was medically mistreated by staff but never specifically attributes any of that mistreatment to any of the named Defendants.  *See id.* at 8.  Lastly, there are no allegations whatsoever which even implicate Defendant Commissioner Timothy Ward.  Therefore, Plaintiff fails to link claims to any of the named Defendants.

A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted)

(stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the supervisory roles of the Commissioner of the Georgia Department of Corrections, Wardens, Deputy Wardens, and other supervisors then his complaint as alleged fails to state a claim. Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). *See also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Because Plaintiff is proceeding pro se, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury? *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will

presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. **The complaint must be no longer than ten (10) pages.**

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff must also rename each Defendant he wishes to sue as directed by the Court's standard § 1983 complaint form. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

## CONCLUSION

Presently, an initial review of Plaintiff's complaint reveals that it is subject to dismissal for failure to state a claim for which relief may be granted. If Plaintiff wishes to proceed with this action, then he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed. He is further **ORDERED** to either submit a certified copy of his inmate trust fund account for the previous six months so that the Court may properly review his motion to proceed *in forma pauperis* or pay the full filing fee

7

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) either pay the $402.00 filing fee or submit a properly completed certified account statement for the previous six months

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**   There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 11th day of March, 2020.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE